Charles Rosenberg
charles@rosenberg-law.net
LAW OFFICES OF CHARLES ROSENBERG
11500 West Olympic Boulevard, Suite 400
Los Angeles, California 90064
Telephone: (310) 391-5839

In Pro Per

**FILED**
SEP 17 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ALLISON WEISSER-ASHTON, <br><br> Debtor, <br><br>———————————————— <br><br> CHARLES ROSENBERG, <br><br> Plaintiff, <br><br> v. <br><br> RENE ALLISON WEISSER-ASHTON, <br><br> Defendant | Case No. 1:25-bk-11397-VK <br><br> Chapter 7 <br><br> Adversary Case No. <br><br> **COMPLAINT TO DETERMINE DISCHARGEABILITY OF STATE COURT ORDER** <br><br> JUDGE: Hon. Victoria S. Kaufman |

Plaintiff CHARLES ROSENBERG ("Plaintiff") respectfully alleges the following:

**GENERAL ALLEGATIONS**

1.      This is an adversary proceeding to determine the dischargeability of a debt under 11 U.S.C. §§ 523 (a) (5) and 523 (a) (15) in the Chapter 7 case of Debtor Rene Allison Weisser-Ashton ("Defendant") pending in the U. S. Bankruptcy Court for the Central District of California, Case No 1:25-bk-11397-VK.

**PARTIES**

2.      Plaintiff is, and at all relevant times was, an individual residing in this Judicial District.

3.    Plaintiff is informed and believes that Defendant is, and that all relevant times was, an individual residing in this Judicial District.

**JURISDICTION AND VENUE**

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 (a) and 1334 (a) because this matter arises out of and is related to Defendant's Chapter 7 case before this Court.

5.    This adversary proceeding is a core proceeding pursuant to U.S.C. § 157 (b) (2) (A) and (I), and this Court may, consistent with Article III of the Constitution, enter final orders or judgments and conduct a trial absent consent of the parties..

6.    Pursuant Local Bankruptcy Rule 7008-1, if the Court determines that this proceeding is a core proceeding, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

7.    Venue of this adversary proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409 (a) and (c) because Defendant's Chapter 7 case is pending in this judicial district.

**FACTUAL BACKGROUND**

8.    Defendant, referred to as the Petitioner in the pending divorce proceedings, and Respondent Bradley Isa ("ISA") have been involved in protracted litigation since January 2016.

9.    ISA is the former spouse of Defendant.

10.    ISA, being aware of numerous scheduled legal proceedings filed by Defendant in the pending divorce action, determined that he required the assistance of an experienced attorney to guide him through the maze of anticipated proceedings.

11.    On November 30, 2022, ISA filed a Request For Order in the pending family law case seeking an award of attorney's fees which was heard on April 10, 2023 in Department 22 of the Los Angeles Superior Court, Central District.

12.    The Court found that Petitioner had spent more than $300,000 on her own attorneys, experts, and consultants

13. The Court found that attorney's fees were necessary to "ensure parity and maintain fairness" in the case, which involved a protracted custody dispute.

14. The Court ordered Defendant to pay ISA's attorney the sum of $75,000 for California Family Code §§ 2030 and 2032 for attorney fees in the marital proceeding payable $37,500 by May 5, 2023 and $37,500 by June 5, 2023.

15. The Court determined that Defendant had the ability to pay the ordered attorney fee award.

16. The Court further found that the attorney fee award "will not create a hardship."

17. A true and correct copy of the Minute Order from the April 10, 2023 proceedings is attached as Exhibit 1.

18. On August 20, 2024, the Family Law Court rejected Defendant's argument as to the purpose of the attorney fee award that was granted on April 10, 2023.

19. On August 20, 2024, the Family Law Court held that the attorney fee award was for ISA's representation in the pending case.

20. A true and correct copy of the Order After Hearing for the August 20, 2024 proceedings is attached as Exhibit 2.

21. Defendant has not paid the ordered attorney's fees in the amount of $75,000.

22. Defendant has not paid the accrued costs and interest at the legal rate of 10%. Defendant owes Plaintiff in excess of $93,000 when combining the $75,000 fee award with the accrued costs and interest.

23. On July 31, 2025, Defendant filed a Chapter 7 Voluntary Petition for Individuals filing for bankruptcy.

24. Plaintiff is identified as one of Defendant's creditors.

**COUNT 1: NON-DISCHARGABILITY UNDER 11 U.S.C. § 523(a)(5)**

25. The Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 24 of this Complaint.

26. Defendant's debt is owed to Plaintiff.

27. The attorney fees awarded to Plaintiff by the Superior Court's order dated April 10, 2023 comprises an obligation incurred in the course of their protracted family law court proceedings.

28. The attorney fees awarded was essential to defend against Defendant's extensive Family Court actions.

29. The attorney fee award is a "domestic support obligation" as defined by 11 U.S.C. § 101(14A).

30. The attorney fee order, including accrued interest, is accordingly non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).

### COUNT 2: NON-DISCHARGABILITY UNDER 11 U.S.C. § 523(a)(15)

31. Plaintiff refers to the allegations in paragraphs 1 through 28, above, inclusive, and by such reference incorporates the same as though fully set forth herein.

32. Defendant's debt was incurred in the course of the divorce proceedings.

33. Defendant's debt was incurred in connection with the order of a court of record. *See* Exhibit 1.

34. The attorney fee order, including accrued interest, is accordingly non-dischargeable pursuant to 11 U.S.C. § 523(a)(15).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

### FOR COUNT 1

1. That the attorney fee order in the family law action is non-dischargeable pursuant to 11 U.S.C. § 523 (a)(5).

2. For interest to the extent allowed by law including but not limited to prejudgment interest.

3. For costs of suit.

4. For attorney fees.

5.   For such other and further relief as the Court may deem proper of this adversary proceeding.

### FOR COUNT 2

1.   That the attorney fee order in the family law action is non-dischargeable pursuant to 11 U.S.C. § 523 (a)(15).

2.   For interest to the extent allowed by law including but not limited to prejudgment interest.

3.   For costs of suit.

4.   For attorney fees.

5.   For such other and further relief as the Court may deem proper of this adversary proceeding.

Dated: September 16, 2025

Charles Rosenberg, Esq.
In Pro Per

LAW OFFICES OF CHARLES ROSENBERG
11500 OLYMPIC BLVD., SUITE 400
LOS ANGELES, CA 90064

In Re Rene Allison Weisser-Ashton
Case No. 1:25-bk-11397-VK
Page 5

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
### Stanley Mosk Dept. - 22

**BD633795**
**RENE ASHTON VS BRADLEY ISA**

**April 10, 2023**
**8:30 AM**

Honorable Michael R. Powell, Judge

Josefina Trejo, Judicial Assistant                                      Not Reported, Court Reporter

---

**NATURE OF PROCEEDINGS:** RFO/MTN - Family Law Attorney Fee's filed by Respondent on October 4, 2022

The following parties are present for the aforementioned proceeding:

    Rene Ashton, Petitioner
    Bradley Isa, Respondent
    Charles Rosenberg, Limited Scope Attorney

The matter is called for hearing.

The parties are sworn and testify.

A court has wide discretion in fashioning an award of attorney fees in a marital proceeding in accordance with California Family Code sections 2030 and 2032.

Need based fees are premised under concept that each party has access to legal representation, that each party have sufficient resources to present their case adequately and ensure parity to maintain fairness. The Court finds that the costs of this litigation should be equitably apportioned.

The Court has considered, using its own knowledge and experience, whether the attorney fees are necessary, just, and reasonable.
Some of the factors the Court considered were:

The nature of the case which involves a protracted custody dispute.

The Court considers this to be an above average case but not overly complex.

The Court has considered the amount of work involved and determines that that this factor is substantial given the abundance of litigation. This will require a skilled litigator.

The Court has concluded and the Petitioner has verified in her testimony that she is primarily, if not solely, funding her litigation with the financial assistance of her father in excess of $300,000.00.

---

Minute Order                                                                  Page **1 of 3**

EXHIBIT 1-1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Family Division
### Stanley Mosk Dept. - 22

BD633795
RENE ASHTON VS BRADLEY ISA

**April 10, 2023**
**8:30 AM**

Conversely, the Court finds by a preponderance of the evidence that the Respondent is funding his litigation primarily through credit or loans. The Court concludes that: 1) there is a disparity in access to legal representation, 2) the award will not create a hardship because there appears to be no limit on Petitioner's father's contributions, and 3) the Court finds the fees are reasonably necessary, 4) the Court finds the Petitioner has the ability to pay an attorney's fee award and 5) the Court finds the circumstances, to award Respondent attorney's fees, appropriate given the disparity and access to funds.

Therefore, the Court will impute income to the Petitioner to satisfy the award of attorney fees and costs.

The Respondent has requested $187,139.65 in fees and costs. The Court finds this excessive at this point because there has been no clear justification for this amount. The Court bases its trial estimate and necessary fees and costs for this award based on the costs that the Petitioner has expended on her counsel. Furthermore, the Court recognizes and determines that the Petitioner is clearly receiving legal assistance from others.

The Petitioner is ordered to pay Respondent's counsel the sum of $75,000.00 for California Family Code sections 2030 and 2032, attorney fees payable: $37,500.00 by May 5, 2023, and $37,500.00 by June 5, 2023. The funds must be sent to the Law offices of Charles Rosenberg, 11500 West Olympic Blvd., Suite 400, Los Angeles, California 90064 by 5:00 p.m.

The Court's minute order shall serve as the Order After Hearing. No formal order is necessary.

It is so ordered.

Dated: **4/10/2023**

_____
Judge of the Superior Court

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

I, David W. Slayton, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Entry of the above minute order of April 10, 2023 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: April 18, 2023         By:   /s/ David Aoki
                                    David Aoki, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
### Stanley Mosk Dept. - 22

**BD633795**
**RENE ASHTON VS BRADLEY ISA**

**April 10, 2023**
**8:30 AM**

Ashton, Rene
3940 Laurel Canyon Blvd #646
Studio City, CA 91604

Isa, Bradley
12400 Ventura Blvd. #707
Studio City, CA 91604

Law Offices of Charles Rosenberg

11500 W Olympic Blvd.
Ste. 400
Los Angeles, CA 90064

**FL-340**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Charles Rosenberg 114430<br>Law Offices of Charles Rosenberg<br>11500 West Olympic Blvd., Suite 400<br>Los Angeles, CA 90064<br>TELEPHONE NO.: (310) 391-5839   FAX NO. *(Optional):* (310) 388-1601<br>E-MAIL ADDRESS *(Optional):* Charles@Rosenberg-Law.net<br>ATTORNEY FOR *(Name):* Bradley Isa | Electronically FILED<br>Superior Court of California<br>County of Los Angeles<br>9/17/2024 3:30 PM<br>David W. Slayton<br>Executive Officer/Clerk of Court,<br>By J. Debose, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PETITIONER/PLAINTIFF: Rene Ashton

RESPONDENT/DEFENDANT: Bradley Isa

OTHER PARTY:

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER:<br>BD633795 |
|---|---|

1. This proceeding was heard
   on *(date):* 8/20/2024   at *(time):* 8:30 AM   in Dept.: 22   Room: 519
   by Judge *(name):* William E. Weinberger   ☐ Temporary Judge
   On the order to show cause, notice of motion or request for order filed *(date):* Various   by *(name):* Petitioner/Respondent
   a. ☒ Petitioner/plaintiff present   ☒ Attorney present *(name):* Vatche Tashjian
   b. ☒ Respondent/defendant present   ☒ Attorney present *(name):* Charles Rosenberg
   c. ☐ Other party present   ☐ Attorney present *(name):*

**THE COURT ORDERS**

2. Custody and visitation/parenting time:   As attached   ☐ on form FL-341   ☐ Other   ☐ Not applicable

3. Child support:   As attached   ☐ on form FL-342   ☐ Other   ☐ Not applicable

4. Spousal or family support:   As attached   ☐ on form FL-343   ☐ Other   ☐ Not applicable

5. Property orders:   As attached   ☐ on form FL-344   ☐ Other   ☐ Not applicable

6. Attorney's fees:   As attached   ☐ on form FL-346   ☐ Other   ☐ Not applicable

7. Other orders:   ☒ As attached   ☐ Not applicable

8. All other issues are reserved until further order of court.

9. ☒ This matter is continued for further hearing on *(date):* October 15, 2024 at *(time):* 8:30 AM   in Dept.: 22
   on the following issues: See attachment 7.

Date: 09/13/2024

▶ *William E. Weinberger*
JUDGE
JUDICIAL OFFICER

Approved as conforming to court order.

▶ Rene Ashton
SIGNATURE OF ATTORNEY FOR   ☒ PETITIONER/PLAINTIFF   ☐ RESPONDENT/DEFENDANT   ☐ OTHER PARTY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. January 1, 2012]

**FINDINGS AND ORDER AFTER HEARING**
**(Family Law—Custody and Support—Uniform Parentage)**

www.courts.ca.gov

CEB | Essential Forms
ceb.com

Bradley Isa
**EXHIBIT 2-1**

# ATTACHMENT 7 TO FINDINGS AND ORDER AFTER HEARING
# HELD AUGUST 20, 2024

1. In response to Petitioner's specially appointed counsel's request for additional time to review the more than 100 pages of supporting exhibits to Respondent's OSC re Contempt, the Court continued her arraignment until October 15, 2024. Petitioner is ordered to appear for arraignment on October 15, 2024, at 8:30 AM.

2. In response to Petitioner's contention that the Court's attorney fee award of $75,000 ordered on April 10, 2023, payable to Respondent's counsel, was solely limited for a six-day trial that was not held because of the Court's application of the Disentitlement Doctrine dismissing her Request for Order for sole legal and physical custody, the Court rejected Petitioner's contentions. The Court held that the attorney fee award was for Respondent's attorney's representation in the pending case.

3. In response to Respondent's Request for Order to have Petitioner be deemed a vexatious litigant, the Court granted the request. Petitioner is a vexatious litigant. She is ordered to comply with the requirement of obtaining the approval of the presiding judicial officer before filing any Request for Order. She is to obtain a prefiling order.

4. The Court after receiving argument held that the Disentitlement Doctrine did not preclude the Court's consideration of Petitioner's two pending Request for Orders and her OSC re contempt. The Court held that the Disentitlement Doctrine is an equitable doctrine to be evaluated on the merits of each of Petitioner's filings.

5. Petitioner's OSC re contempt is continued to October 15, 2024. Respondent is ordered to appear for arraignment and for the entry of a plea on October 15, 2024, at 8:30 AM.

6. Respondent's Request for Order filed September 21, 2023, and the amendment to his Request for Order filed December 20, 2023, are continued to October 15, 2024.

7. Petitioner's Requests for Orders for attorney fees and for a protective order filed April 2, 2024, are continued until October 15, 2024, at 8:30 AM.

8. The Court referred Respondent to the Independent Defense Counsel Office.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Charles Rosenberg | **DEFENDANTS**<br>Rene Allison Weisser-Ashton |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Charles Rosenberg, Esq., In Pro Per<br>11500 West Olympic Boulevard, Suite 400<br>Los Angeles, CA 90064 | **ATTORNEYS** (If Known)<br>Julie J. Villalobos - Oaktree Law<br>3355 Cerritos Avenue<br>Los Alamitos, CA 90720 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

RECEIVED SEP 17 2025 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine nondischargeability of attorney fees awarded in family law proceeding pursuant to 11 U.S.C. §§ 523(a)(5) and 523(a)(15).

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☒ [1] 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☒ [2] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
Costs of suit.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Rene Allison Weisser-Ashton | BANKRUPTCY CASE NO.<br>1:25-bk-11397-VK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Victoria S. Kaufman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Charles Rosenberg* | | |
| DATE<br>September 16, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Charles Rosenberg | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.